**FASHION PARK ASSOCIATES, Inc., v. LAPIDUS.**

**Patent Appeal No. 2869.**

Court of Customs and Patent Appeals.
Feb. 1, 1932.

BLAND, Associate Judge, dissenting.

Clarence G. Campbell, of New York City, for appellant.

H. J. Jacobi and William J. Jacobi, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

On October 3, 1928, appellee, Lapidus, filed an application in the United States Patent Office for registration as a trade-mark of the compound word "Styl-Lane" for men's clothing, alleging use thereof on suits, overcoats, etc., "since August 1927."

The drawings disclose an arrangement of the mark at the top inner rim of a circle, having underneath said mark the words "Fashionable Clothes," beneath which are the letters N L C O, arranged as a monogram, all the words and the monogram being within the circle. There was a disclaimer as to all except the notation "Styl-Lane."

In conformity with the rules of the Patent Office, the application was passed to publication and published in the Official Gazette of April 23, 1929.

Appellant, Fashion Park Associates, Inc., opposed the registration, alleging ownership and prior use of the trade-mark "Fashion Park" upon similar or identical goods, and pleading three registrations thereof, which registrations are made parts of the record.

The notice of opposition alleged that appellant has built up a large clothing business which has become well known in every state by the trade-mark "Fashion Park"; that "Styl-Lane," by reason of the meaning of the words composing it ("Styl" being an obvious slight misspelling of "Style"), is so similar to "Fashion Park" as to create confusion; that appellee's mark "could only be used for the purpose of obtaining the benefit of the name and reputation of opponent in the clothing trade and with the buying public," and that appellant would be damaged by its registration.

The answer of appellee insists that both "Fashion" and "Styl" are descriptive words and publici juris; denies generally and specifically the allegations of the notice of opposition as to there being a similarity likely to create confusion to the damage of appellant, and denies also the allegation as to appellee's purpose to profit from the name and reputation of appellant's business.

The Examiner of Trade-Mark Interferences dismissed the notice of opposition, and adjudged appellee to be entitled to the registration sought. His decision, upon appeal, was affirmed by the Commissioner of Patents, whereupon appeal was taken to this court.

It may be here stated that drawings accompanying the last two of appellant's registrations pleaded and in evidence (the first shows no drawing) disclose the mark underneath a representation of two mounted horsemen.

Appellant insists, however, that by usage, as shown by the evidence in the instant case, and by adjudications in certain other cases [Kassman & Kessner, Inc., v. Rosenberg Bros. Co., 56 App. D. C. 109, 10 F.(2d) 904, and Rosenberg Bros. & Co. v. Elliott (C. C. A.) 7 F.(2d) 962] "Fashion Park" is appellant's mark, "with or without the mounted horsemen."

Whatever may be the effect in other proceedings of the usage and the adjudication referred to, we do not regard them as being of consequence here.

The issue before us is solely as to the similiarity of the marks, and we are in agreement with the holdings of the tribunals of the Patent Office that they do not conflict.

This court has had occasion heretofore to determine cases wherein appellant's mark of "Fashion Park" was involved.

In Rosenberg Bros. & Co. v. Robert G. Horowitz, 35 F.(2d) 784, 17 C. C. P. A. 641, the issue was between "Fashion Park" and "Washington Park." We there said: " * * * Appellant has not acquired the exclusive use of the word 'park' in a trade-

mark, and therefore the question is: Do the words 'Washington Park' so nearly resemble the words 'Fashion Park' as to cause confusion or mistake in the mind of the public, or to deceive purchasers."

We held that such resemblance was not present.

In Rosenberg Bros. & Co. v. Wetherby-Kayser Shoe Co., 37 F.(2d) 437, 438, 17 C. C. P. A. 794, "Fashion Park" and "Fashion *Lane*" were held not to conflict. (Italics new here.)

It is true that in that case the "Fashion Lane" mark was used on men's, women's, and children's footwear, and we made some comment upon the dissimilarity, in fact, between these and clothing (though not holding that the respective goods were not goods of the same descriptive properties), and also reference was made to the representation of the horsemen in appellant's mark, but the concluding sentence of our opinion in the case was: "Nor is there, in our opinion, such a similarity between the words 'Park' and 'Lane' as justifies, in this case, the sustaining of this opposition."

In Rosenberg Bros. & Co. v. Simon Levin & Sons Co., 37 F.(2d) 962, 17 C. C. P. A. (Patents) 847, the majority of this court held "College Park" and "Fashion Park" not to be confusingly similar when applied to goods identical in character.

In Fashion Park, Inc., v. The Fair, 49 F. (2d) 830, 18 C. C. P. A. (Patents) 1399, referred to in the oral argument of the case at bar, we held "Fashion Park" and "Fashion Row" to be confusingly similar when applied to men's outer clothing.

But in the instant case both words of the conflicting marks differ in practically all respects, except that there is some similarity of meaning between "Fashion" and "Style." In all other respects they differ, and each of them is a common word, open to any proper public use.

The brief of appellant says:

"A painstaking search covering the Standard Unabridged Dictionary, the Encyclopedia Britannica and Roget's International Thesaurus of English words and phrases brings us to the conclusion that 'Park' and 'Lane' have the common synonym 'place' and both are rural suggesting trees and hedges.

"We therefore have it on the leading authorities on words that 'Park' means 'place' and 'Lane' means 'place.'"

While undoubtedly a park is a "place" and a lane is a "place," we cannot conceive it to be proper to take that broad meaning which is common to innumerable other words for the purpose of trade-mark comparison.

"Park" has a number of noun meanings, such as those given in Funk & Wagnalls Dictionary:

"1. A tract of land, generally large and enclosed, set apart for ornament or recreation. 2. An open, champaign country. 3. A picturesque sparsely wooded valley or plateau in the Rocky Mountains. 4. [Scot.] A cultivated field; paddock. 5. Mil. (1) An enclosure where animals, guns, wagons, etc., are placed for safety. (2) A complete train of cannon, including gunners, equipment, ammunition," etc.

The same volume defines "lane" as: "A narrow way, path, or street. Syn.: see road; way."

In common usage we do not think that the same meaning is ever conveyed by, or ascribed to, "Park" and "Lane."

We rather agree with the statement in the answer of appellee that "Park" and "Lane" are dissimilar "in spelling, pronunciation, enunciation, meaning and appearance." We also agree with the tribunals of the Patent Office that they do not, in any sense proper here to be considered, have the same significance.

The view of this court that one clear purpose and manifest intent of the Congress, expressed in the Trade-Mark Registration Act of February 20, 1905 (15 USCA §§ 81–109), was to aid in rendering trade-marks valuable and to protect the owners thereof in the enjoyment of their value, by denying registration to such as might confuse, has been followed in the many decisions rendered by us since jurisdiction in such matters was transferred to us. Following many decisions of the Court of Appeals of the District of Columbia, our predecessor in this field, we have uniformly resolved doubt against a newcomer, and the effect of some of our decisions has undoubtedly been to somewhat modify the practice in the Patent Office.

If there were any real, intelligent ground for doubt in the instant case, we should here apply the rule against appellee, but, to our minds, there is no such ground, and those charged with the administration of the Registration Act are not at liberty to lose sight of, or disregard, the rights of an applicant, as expressed in the language of section 5

(15 USCA § 85), which declares that, with certain exceptions specifically set forth, "No mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration. * * * "

Appellee seeks to exercise a right assured him by the law; none of the statutory exceptions being deemed applicable here. B. F. Goodrich Co. v. Kenilworth Mfg. Co., 40 F. (2d) 121, 17 C. C. P. A. 1106, 1108.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Associate Judge, dissents.